IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-94027-MHM |
| FAMOUS RECIPE COMPANY ) | |
| OPERATIONS, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION FOR FURTHER EXTENSION OF TIME TO ASSUME
OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES**

COMES NOW Famous Recipe Company Operations, LLC, debtor and debtor-in-possession in the above-captioned case ("***Debtor***"), pursuant to 11 U.S.C. § 365(d)(4) and Bankruptcy Rule 9006(b)(1), and files this Motion for a Further Extension of Time to Assume or Reject Non-Residential Real Property Leases (the "***Motion***"), and in support hereof shows as follows:

**Factual Background and Jurisdiction**

1. This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor commenced the above-captioned reorganization case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") on November 10, 2010. Debtor remains in possession of its assets

1

and continues to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor develops, operates and franchises quick service restaurants under the "Mrs. Winner's" brand name. Debtor currently operates 14 company-owned Mrs. Winner's brand restaurants. Debtor is a tenant under non-residential real property leases at each of the 14 company-owned restaurants currently in operation (the "*Leases*").

## Status of this Case

4. Debtor, working cooperatively with the Unsecured Creditors' Committee and its non-debtor affiliates, is nearing the conclusion of a sale process. Debtor's financial advisor has contacted several hundred parties, and several dozen of those potential buyers have performed advanced due diligence. Debtor expects that there may be bidders at a Court-approved auction, with several parties having done substantial diligence and appearing likely to become bidders, but there are no firm bidders currently.

5. It is expected that this sale process will come to a head over the next 30-45 days. However, by previous order (Doc. No. 182), Debtor's deadline to assume or reject its real property leases expires on June 3, 2011. Moreover, under 2004 Amendments to the Bankruptcy Code, this period cannot be extended beyond 210 days from the Petition Date (November 10, 2010, as set forth below), without the written consent of the applicable lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii). That 210 day period expires on June 8, 2011.

6.  Debtor's management has been speaking with Debtor's real property lessors during this process. And beginning this week, as the sale process is more crystallized, Debtor's counsel (joined by counsel to the Committee), have convened "all hands calls" for all lessors. During those calls, lessors have been provided updates on the sale process and the treatment of their leases, which is a fluid situation. Those calls will continue on a weekly basis, so as to ensure transparency and openness. And counsel to Debtor and the Committee have been very frank on these calls: it is their belief that extending the time to assume or reject the Leases is prudent to allow the sale process to take its course. But this extension cannot be forced on the lessors, in light of the 210 day deadline under 11 U.S.C. § 365(d)(4)(B)(ii).

7.  Debtor will seek written consent from landlords for the extension sought by this Motion - through July 20, 2011. All such consents will be filed with the Court, either through Consent Orders or other stipulations. For any lessor that does not provide written consent, and instead wishes to have rejection and a turnover of its premises, Debtor will facilitate that.

## Relief Requested

8.  As noted above, the period for Debtor to assume or reject non-residential real property leases in this case is set to expire on June 3, 2011. By this Motion, and with the caveat that Debtor shall obtain the written consent of each applicable lessor in

3

advance of a hearing on this Motion, Debtor seeks a further extension of time, through July 20, 2011, for Debtor to assume or reject such Leases.

9. Since the commencement of this case, Debtor has worked diligently to maintain continuity in the everyday operation of its business, while simultaneously working to preserve and enhance the value of its assets. Debtor needs more time to identify a buyer, go to auction, and then close on a transaction. During this case, Debtor has paid, and will continue to pay, all obligations under the Leases consistent with its pre-petition practices. Accordingly, and subject to obtaining the written consent from each applicable lessor, Debtor seeks this further extension.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

This 3rd day of June, 2011.

JOHN J. McMANUS & ASSOCIATES, P.C.

/s/ John J. McManus
John J. McManus
Counsel for Debtor
Georgia Bar No. 497776

2167 Northlake Parkway
Suite 104
Tucker, Georgia 30084
(770) 492-1000
(770) 492-1100 (facsimile)
jmcmanus@mcmanus-law.com

## CERTIFICATE OF SERVICE

I, John J. McManus, certify I am over the age of 18 and that on June 3, 2011 I served a copy of the foregoing **Motion for Further Extension of Time to Assume or Reject Non-Residential Real Property Leases** by electronic mail through the Court's ECF system, or by U.S. mail with sufficient postage affixed thereto for those persons or entities not receiving electronic notification through the Court's ECF system, to the following persons or entities:

James H. Morawetz
Office of U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA  30303

Official Committee of Unsecured Creditors
c/o Mark Duedall
Hunton & Williams
600 Peachtree Street, Suite 4100
Atlanta, GA  30308

Famous Recipe Company Operations, LLC
P.O. Box 3004
McDonough, GA 30253

The Gary W. Schaffer Revocable Trust
c/o Gary W. Schaffer
313 Hearthstone Mews
Alexandria, VA  22314

En Gedi Investments, LLC
c/o Albert Kuo
1699 Hood Court
Santa Clara, CA  95051

Paul Geiger, Esq.
Geiger & Merritt, LLP
4685 MacArthur Court
Suite 220
Newport Beach, CA  92660

Halpern Enterprises, Inc.
c/o Christian Trani
5269 Buford Highway
Atlanta, GA  30340

Hardee's Food Systems, Inc.
c/o Debbie Didier
1325 N. Anaheim Blvd.
Anaheim, CA 92801-1202

The Hart Trust
c/o Mary Louise Piatkiewicz, Trustee
641 N. Tower Avenue
Chandler, AZ  85225

James Schulz
Merritt Watson, LLP
200 Galleria Parkway, SE
Suite 500
Atlanta, GA 30339

The Hundoble Trust
c/o Dennis & Debbie Hundoble
1994 Cherry Hill Drive
Discovery Bay, CA  94505

Jennifer Nassiri, Esq.
Venable, LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067

Jonathan Jordan, Esq.
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA  30309

Bobbie D. Mallett
7049 Berea Road
Douglasville, GA  30135

Midori, LLC
c/o Eunice Tsai
3644-E1 Chamblee Tucker Road
Atlanta, GA  30341

Mary B. Miller, Carol S. Miller, & John H. Miller
2078 Kirby Parkway
Memphis, TN  38119

Victor Newmark, Esq.
Wiles & Wiles, LLP
800 Kennesaw Ave.
Suite 400
Marietta, GA  30060

Steve Rush
1209 16th Avenue South
Nashville, TN  37212

Stargazer Property, LLC
c/o Dana & Norma Laine
3440 Santa Clara Circle
Costa Mesa, CA  92626

This 3rd day of June, 2011.

/s/ John J. McManus
John J. McManus
Georgia Bar No. 497776